UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PLUMBERS & FITTERS LOCAL UNION
101, *et al.*,

   Plaintiffs,

 v.

SWIFT PLUMBING, L.L.C.,

   Defendant.

Case No. 07-cv-715-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion for Judgment on the Pleadings (Doc. 12) filed by Defendant Swift Plumbing, L.L.C. (Swift). Plaintiffs have responded (Doc. 17) and Swift has replied (Doc. 18). For the following reasons, the Court DENIES the Motion.

## BACKGROUND

Plaintiffs, Plumbers and Fitters Local 101 and the Trustees of its affiliated employee benefits funds, brought this action pursuant to the Labor Management Relations Act (LMRA) and the Employee Retirement Income Security Act (ERISA) seeking to collect delinquent dues, remissions, and fringe benefit contributions from Swift. Plaintiffs's Complaint alleges that Swift "is party to and bound by a collective bargaining agreement with the Union effective by its terms from July 1, 2006 to June 30, 2009." Plaintiffs attached a copy of the collective bargaining agreement to the Complaint as an exhibit. The Complaint alleges that Swift breached the collective bargaining agreement in the following ways: (1) by failing to make the required monthly reports, (2) by failing to make the required employer contributions to the employee benefits funds, (3) by failing to remit its employees's contributions to the Supplemental Pension Plan, and (4) by failing to remit union dues. The Complaint prays for both injunctive relief and

monetary damages.

Defendants filed a Motion for Judgment on the Pleadings making two contentions. First, Swift asserts that, because the collective bargaining agreement attached to the Complaint was not signed by Swift, as a matter of law Plaintiffs are unable to prevail on their claim. Second, Swift contends that, even if it were bound by the collective bargaining agreement, Plaintiffs have brought suit based on a failure by Swift to remit payments to funds that are not the funds named in the collective bargaining agreement.

## ANALYSIS

The Court employs the same standard in deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as it does in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir.2007). The court must accept all factual allegations in the plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Pisciotta*, 499 F.3d at 633. The Court may also consider a plaintiff's affidavit or brief demonstrating how he could make out a claim consistent with the facts alleged in his complaint, even though the substance of the affidavit or brief is not included in the complaint. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir.2000); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir.1997).

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta*, 499 F.3d at 633. However, in

2

order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 127 S.Ct. at 1965 (2007)) (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. at 1965. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S.Ct. at 1969 n.8.

## I. Lack of Signature on Agreement

Swift's first contention, that the lack of its signature on the collective bargaining agreement precludes Plaintiffs from prevailing on their claim as a matter of law because the agreement does not meet the requirements of LMRA § 302(c)(5), is easily disposed of. It is well settled that "section 302(c)(5)(B) does not require a *signed* agreement; it merely requires a *written* one" to which the employer is bound. *Bricklayers Local 21 v. Banner Restoration*, 385 F.3d 761, 770 (7th Cir.2004). The employer's signature on the agreement is not a prerequisite to a finding that he is bound by the agreement; he may be bound because he manifested his assent to be bound. *Id*. at 766. Here, the Complaint alleges that the attached collective bargaining agreement is a written agreement to which Swift was bound. The absence of Swift's signature on the agreement does not preclude Plaintiffs, as a matter of law, from being able to prevail on

their claim.

## II. Differing Names of Funds

Swift contends that the Complaint alleges a failure by Swift to remit payments to certain funds that Swift is not required to remit payments to under the collective bargaining agreement, therefore, as a matter of law, Swift cannot be said to have breached the collective bargaining agreement in that way. Swift points out that the collective bargaining agreement requires it to remit payments to the "Pension Trust Fund" rather than to the "Plumbers and Fitters Local 101 Pension Fund" and the "Plumbers and Fitters Local 101 Supplemental Pension Fund" referred to in the Complaint.[1]

Swift's argument seems to be that its failure to remit payments to the "Plumbers and Fitters Local 101 Pension Fund" cannot, as a matter of law, be seen as a breach of an agreement to remit payments to the "Pension Trust Fund." Plaintiffs have submitted an affidavit from William V. Adrian stating that the "Pension Trust Fund" referred to in the collective bargaining agreement and the "Plumbers and Fitters Local 101 Pension Fund" referred to in the Complaint are one in the same and were understood by all parties to be one and the same. Therefore, Plaintiffs have shown how they intend to make out a claim consistent with the facts alleged in their complaint. Additionally, the fact that the Complaint used *more* specific names for certain funds than the attached collective bargaining agreement did certainly cannot be argued to constitute a failure to give Swift notice of the claims against it. In short, the Complaint pleads factual details sufficient to give the notice to which Swift is entitled under Rule 8.

---

[1]Swift points out other funds more generically referred to in the collective bargaining agreement than they are in the complaint, but the Court declines to list them all, as the analysis for one applies equally to all.

4

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Judgment on the Pleadings (Doc. 12).


**IT IS SO ORDERED.**
**DATED: April 9, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**